THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM M. TWEED, Impleaded with the Mayor, etc., Appellant.*

*Chap. 49 of 1875, constitutional — Summoning talesmen to fill up a struck jury — Stipulation of parties — Court — how far bound by — Court acting as trier — Chap. 427 of 1873 — constitutional — Evidence — latitude allowed in action for conspiracy by public officers to defraud a municipal corporation.*

Appeal by defendant Tweed from a judgment entered on a verdict and from an order of the court denying a motion for new trial on the minutes of the judge for insufficient evidence and for excessive damages, and from an order granting an extra allowance.

This action was brought under an act passed by the legislature March 12, 1875.

The complaint sets up an act of April 26, 1870, which provides that claims against the city of New York should be audited by the mayor, the comptroller and the president of the board of supervisors, and adds that the defendant Tweed held the latter office, and

* This case was decided at the January term, 1877.

that he and one James Watson conspired together to have fraudulent claims set up, allowed and paid; that pretended claims to the amount of $6,198,957.75 were certified to have been audited which were all false, fictitious and fraudulent, and did not represent any real or actual liabilities, and that the defendant and Watson obtained warrants for that sum, and got the money and converted it to their own use. It alleges further that the defendant, the mayor, etc., set up and pretend to some interest in the premises. The amount demanded is $6,198,957.75, with interest from September 1, 1870.

A jury had been impanneled in the same court in a case between the same parties, distinguished as No. 2, but no other proceedings had been had in that action when the trial thereof was adjourned pursuant to a stipulation.

In impanneling the jury in case No. 2 certain exceptions had been taken involving objections to the jury.

The stipulation above referred to, entered into between the parties, among other things, provided "that if the plaintiff shall so elect, action No. 1 (which is the present action) shall be first tried by the jury now impanneled in action No. 2  *  *  *  with the same force and effect as if the jury already impanneled had been struck and impanneled in action No. 1  *  *  *  the defendant Tweed, however, to have the benefit of all objections and exceptions to which he is now entitled, provided, also, that the plaintiff give the defendant Tweed five days' notice of such election." Due notice of such election was given, and when this case came on for trial the jury, as the case states, that had been impanneled in action No. 2 was, pursuant to such stipulation and notice, impanneled and sworn in this action.

The court at General Term said, as to the constitutionality of chapter 49 of the Laws of 1875 : " That question is *res adjudicata* in this court. (*People* v. *Tweed*, 12 Sup. Ct. R. [5 Hun], 382–390)."

In reference to the several questions arising upon the challenge to the array of the special jury (struck for the trial of action No. 2 and by stipulation made the jury for this case), the court said, " The several questions arising upon this challenge were examined by the learned judge at Circuit in a very elaborate and careful opinion, which is reported in 50 Howard's Practice, 80, we have ourselves examined the same questions with care and the result is a full concurrence in

the conclusions expressed in the opinion referred to, and we adopt that opinion as our own."

A sufficient number of jurors could not be obtained from the special struck jury, and the court ordered the summoning, by a coroner, of talesmen for the purpose of filling up the jury, the sheriff being a substantial party in interest in the suit.

As to the power of the court to make these orders, the court said: "Upon these questions also the learned judge pronounced a carefully considered opinion, reported in 50 Howard's Practice, 286. That opinion covers the entire ground, and we are fully satisfied with its correctness. Its adoption as part of our own opinion saves the necessity of further considering the question."

On the question as to whether the stipulation made as to using, in case No. 1, the special jury struck in case No. 2 could be deemed to have brought into case No. 1 the several challenges to individual jurors in the impanneling of the jury for the trial of action No. 2, and the evidence taken upon such challenges and the rulings of the court thereon and the exceptions to such rulings, the court said: "The language of the stipulation is broad enough, we think, to have this effect, and the only question is whether the court is bound to regard these proceedings as part of the trial of this case, because the parties have stipulated to treat them as though they had taken place upon the trial of the present action. * * * It is a serious question whether the court can or ought to be bound by any stipulation between the parties which seeks to bring with that jury into this action any alleged errors in examining and impanneling them in respect to another action. * * * We are strongly inclined to the opinion that the exceptions taken upon the rulings on the challenges in action No. 2 are not properly before us for consideration. * * * So far as the questions arise upon the challenges to the favor, the findings of the court are not the subject of exception and not reviewable here. (*People* v. *Mather*, 4 Wend., 229; *Costigan* v. *Cuyler*, 21 N. Y., 134; *Sanchez* v. *People*, 22 id. 147.)"

It was objected that the court was not competent to sit as trier of challenges to the favor, and common-law triers were demanded. The court said: "This question depends upon the validity of the statute of 1873,* authorizing the disposition of such challenges by

* Chapter 427 of 1873.

the court.   We have no doubt of its constitutionality.   The same practice has long prevailed in the federal courts under an act of congress, and no one seems to have doubted its constitutionality."

The court further said: " The exceptions taken during the progress of the trial are too numerous to be noticed in detail.   The gist of the action was an alleged conspiracy between the defendant Tweed and one Watson to defraud the city and county of New York of large sums of money.   The evidence that may be given in such actions is not to be restricted by narrow and technical rules. Whatever tends to prove the conspiracy and its objects and purposes, and, if sufficient evidence be given to carry the case to the jury upon the question of conspiracy, whatever declarations or acts of either party that tend to prove its objects or purposes, or accomplishment, are always admissible."

*Field & Dayo*, for the appellant.   *Wheeler H. Peckham* and *James C. Carter*, for the respondent.

Opinion by DAVIS, P. J.; BRADY and DANIELS, JJ., concurred.

Judgment and order affirmed, with costs.

Order granting additional allowance also affirmed, with costs.